UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

Plaintiff,

-against-

LAWRENCE BROWN,

Defendant.

14-cr-509 (NSR)
OPINION & ORDER

NELSON S. ROMÁN, United States District Judge:

By motion dated May 2, 2016, defendant Lawrence Brown ("Defendant") seeks suppression of the Government's identification evidence or, in the alternative, a hearing to determine whether the identification procedures used were unduly suggestive, as well as disclosure of evidence the Government intends to use at trial, including any exculpatory evidence, witness statements, and 404(b) evidence. For the reasons that follow, the motion to suppress is DENIED, and the motion to disclose evidence is GRANTED in part and DENIED in part.

**ALLEGED FACTS**

The following alleged facts are gleaned from parties' submissions and the indictment that commenced this prosecution. The Defendant is accused of (1) robbing at gunpoint a Rite Aid drug store in New Windsor, New York on or about November 14, 2013 and (2) robbing at gunpoint a Shop Rite Supermarket on or about April 4, 2014. At the Shop Rite Supermarket, the store manager (the "Shop Rite Manager") witnessed the robbery take place. The Shop Rite

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 9/9/2016

Manager later described the suspect as a black male, approximately 6' 1", 230 pounds, wearing tan pants, an off-white shirt, and a tie, and carrying a black pistol. During the course of the police investigation, Detective Chris Sager of the New Windsor Police Department presented six photographs of African-American males, depicting only faces and shoulders, to the Shop Rite Manager. The Shop Rite Manager identified the picture of the Defendant as the individual who robbed the Shop Rite on April 4, 2014.

## DISCUSSION

### A. Motion to Suppress Identification Evidence

The basis for Defendant's suppression motion is that a spread of six photographs was impermissibly suggestive. Due process protects criminal defendants from suggestive police identification procedures. *Simmons v. U.S.,* 390 U.S. 377, 384 (1968). "[G]iven the vagaries of human memory and the inherent suggestibility of many identification procedures," "intervening photographic and lineup identifications-both of which are conceded to be suppressible fruits of the Fourth Amendment violation-[may] affect the reliability of the in-court identification and render it inadmissible as well." *Young v. Conway*, 698 F.3d 69, 77 (2d Cir. 2009) (quoting U.*S. v. Crews*, 445 U.S. 463, 472–73 (1980)).

Accordingly, in examining a motion to suppress identification evidence, the Court must determine whether "the pretrial identification procedures were unduly suggestive of the suspect's guilt." *United States v. Maldonado–Rivera,* 922 F.2d 934, 973 (2d Cir. 1990). "If the pretrial procedures were not suggestive, any remaining questions as to reliability ... go to the weight of the identification and not to its admissibility, and the identification therefore is generally admissible without any further reliability inquiry." *United States v. Thai,* 29 F.3d 785, 808 (2d

Cir. 1994). "If the court finds, however, that the procedures were suggestive, it must then determine whether the identification was nonetheless independently reliable." *Raheem v. Kelly*, 257 F.3d 122, 133 (2d Cir. 2001). "In sum, the identification evidence will be admissible if (a) the procedures were not suggestive or (b) the identification has independent reliability." *Id.*

Moreover, absent a contested issue of material fact as to the suggestiveness of pretrial identification procedures, a defendant is not "automatically entitled to an evidentiary hearing on the claim." *United States v. Hall*, No. 14 CR 105, 2014 WL 2464943, at *2 (S.D.N.Y. May 13, 2014) (internal citations omitted). *See also United States v. Castellano*, 610 F.Supp. 1359, 1439 (S.D.N.Y. 1985) ("A defendant who seeks to suppress evidence bears the burden of showing that disputed issues of material fact exist before an evidentiary hearing is required.")

In the instant case, Defendant has failed to make a showing that the procedures were unduly suggestive. Nor has Defendant demonstrated any disputed issues of fact that warrant a pretrial hearing concerning the reliability of the identification. The Defendant asserts that a hearing should be conducted because the "witness was shown six photographs of African-American males by Detective Chris Sager," who "had already concluded that Lawrence Brown was responsible for the Rite Aid robbery [at] the time he conducted this identification procedure." (Def.'s Mot. at 2.) However, the Court is not persuaded by this bare allegation. The witness was shown six photographs of African-American males—a number sufficient to protect the Defendant's due process rights. *See United States v. Bennett*, 409 F.2d 888, 898 (2d Cir. 1969) (holding that an array of six not so small as to be impermissibly suggestive). Additionally, the photographs depict only faces and shoulders, and all depict men with medium to dark skin, with little or no head hair, and similar patterns and amounts of facial hair. (*See* Exhibit A, ECF No. 26.) "The contents of this array are, in fact, arguably less suggestive than those of the array

held to be non-suggestive in *Bennett*, where the identifying witness was presented with six photographs, only four of which depicted black males, and the black defendant's picture was in the form of a mug-shot." *United States v. Dames*, 380 F. Supp. 2d 270, 277 (S.D.N.Y. 2005) (citing *Bennett*, 409 F.2d at 899). Defendant does not provide any further factual allegation as to how the identification procedures used were improperly suggestive.

Therefore, standing alone, Defendant's allegation that these procedures were unduly suggestive because "Detective Sager had already concluded that Lawrence Brown was responsible for the Rite Aid robbery" fails. It does not appear that Defendant's picture so stood out from all of the other photographs as to "'suggest to [the][I]dentifying [W]itness that [Defendant] was more likely to be the culprit.'" *United States v. Concepcion*, 983 F.2d 369, 377 (2d Cir. 1992) (quoting *United States v. Archibald*, 734 F.2d 938, 940 (2d Cir. 1984)). Because the Court does not see any disputed issues of material fact, no hearing is required to develop the record. Accordingly, Defendant's motion to suppress the identification evidence is denied.

**B. Motion to Compel Disclosure**

Defendant's motion also seeks to compel the disclosure (presumably, immediately) of all Rule 16 material, *Brady* and *Giglio* material, all witness statements pursuant to Rule 26.2 of the Federal Rules of Criminal Procedure, and the Government's anticipated Rule 404(b) evidence. (Def.'s Mot. at 5-8.)

Federal Rule of Criminal Procedure 16 governs the disclosure of information by the Government to the Defendant. Fed. R. Crim. P. 16. Here, the Government represents that it "has complied with all of its discovery obligations, and will continue to do so." (Def.'s Mot. at 6.) Defendant's request is therefore denied as moot.

The Government's obligation under *Brady* is "to disclose favorable evidence to the accused where such evidence is 'material' either to guilt or punishment." *United States v. Coppa*, 267 F.3d 132, 139 (2d Cir. 2001). The Government has represented that it "is not aware of any *Brady* material in this case" and "will make timely disclosure of any *Brady* material when and if any such material comes to light." (Def.'s Mot. at 7.) Defendant's motion for *Brady* material is therefore denied. In the event that Defendant becomes aware of any failure on the Government's part to comply with its *Brady* obligations, he may renew his motion at that time.[1]

Defendant also requests that the Court direct the Government to provide any material useful to impeach the credibility of Government witnesses. The Government's obligation to disclose *Giglio* material arises only with the pendency of trial and knowledge of the specific testifying witnesses. *Coppa*, 267 F.3d at 144. The Government has indicated that it will disclose all relevant *Giglio* material pursuant to a schedule set by the Court. Since Defendant has not made a special showing of prejudice suffered in not having immediate access to the material, the motion for *Giglio* material is similarly denied. *United States v. Dames*, 380 F. Supp. 2d 270, 273 (S.D.N.Y. 2005).

As to Defendant's request for witness statements, the Court is precluded from ordering the pretrial disclosure of witness statements. *See Coppa*, 267 F.3d at 145. Finally, Defendant requests that any Rule 404(b) evidence be turned over 30 days prior to trial. In light of potential motions *in limine*, the Court finds this to be a reasonable time frame and accordingly grants the request.

[1] Though the Defendant's motion to disclose is largely denied as moot as a result of the Government's representations, the Government is reminded of its continuing disclosure obligations pursuant to Rule 16, *Brady*, and *Giglio*, with which the Court expects the Government's full compliance.

## CONCLUSION

The Defendant's motion to suppress identification evidence is DENIED, and the motion to disclose evidence is GRANTED in part and DENIED in part. The motion to disclose evidence is granted only insofar as the Court grants Defendant's request that any Rule 404(b) evidence be turned over 30 days prior to trial. The Clerk of Court is respectfully requested to terminate the motion at ECF No. 24.

Dated: September 9th, 2016
White Plains, New York

SO ORDERED:

NELSON S. ROMÁN
United States District Judge