UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
:
UNITED STATES OF AMERICA,                     :
:
:
            Plaintiff,                        :
    -against-                                 :     14-cr-509 (NSR)
                                              :     OPINION & ORDER
LAWRENCE BROWN,                               :
:
            Defendant.                        :
:
-----------------------------------------------------------------X

NELSON S. ROMÁN, United States District Judge:

The Indictment in this case charges Defendant Lawrence Brown with unlawfully and knowingly committing two robberies and brandishing a firearm in furtherance of the robberies charged. (ECF No. 3.) On May 2, 2016, Brown filed a motion seeking, *inter alia*, to suppress a pretrial identification of him by the Shop Rite Manager on the basis that the out-of-court identification procedure was unduly suggestive. (ECF Nos. 24 & 26.) By order dated September 9, 2016, the Court denied the defendant's motion to suppress the identification evidence. (ECF No. 33.) On February 27, 2017, Brown – represented by new counsel – filed a motion requesting that the Court reconsider its prior ruling. (ECF No. 48.) Following a conference with the Court, the Government submitted additional briefs on the question of whether a hearing is necessary. At the Court's direction, the Government provided an affidavit from the detective who conducted the photo array with the Shop Rite Manager. The Court having considered all of the parties' submissions and arguments, as well as the photographic array shown to the witness, has DENIED the motion.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 3/2/2017

It is well established that evidence of "[a] prior identification will be excluded only if the procedure that produced the identification is 'so unnecessarily suggestive and conducive to irreparable mistaken identification that [the defendant] was denied due process of law.'" *United States v. Salameh*, 152 F.3d 88, 125 (2d Cir. 1998) (quoting *United States v. Simmons*, 923 F.2d 934, 950 (2d Cir. 1991)). A court must evaluate a pretrial identification, when challenged, using a one- or two-step inquiry. "The first question is whether the pretrial identification procedures were unduly suggestive of the suspect's guilt." *United States v. Maldonado-Rivera*, 922 F.2d 934, 973 (2d Cir. 1990). If they were not, the identification is "generally admissible without further inquiry into the reliability of the pretrial identification." *Id.*; *accord Raheem v. Kelly*, 257 F.3d 122, 133-34 (2d Cir. 2001). "If the pretrial procedures were unduly suggestive, the analysis requires a second step; the court must then weigh the suggestiveness of the pretrial process against factors suggesting that an in-court identification may be independently reliable rather than the product of the earlier suggestive procedures." *Maldonado–Rivera*, 922 F.2d at 973.

Significantly, a defendant "may not baldly request" a hearing into the admissibility of pretrial identification evidence – commonly known as a *Wade* hearing. *United States v. Berganza*, No. S(4) 03-cr-987 (DAB), 2005 WL 372045, at *10 (S.D.N.Y. Feb. 16, 2005). To be entitled to a hearing, a defendant must instead "allege facts supporting his contention that the identification procedures used were impermissibly suggestive. A 'threshold showing' of suggestiveness is necessary in order to trigger a *Wade* hearing." *Id.*; *see also, e.g., United States v. Swain*, No. S(4) 08-cr- 1175 (JFK), 2011 WL 4348142, at *7 (S.D.N.Y. Aug. 16, 2011) (holding that a defendant is not entitled to a hearing where his "suggestion of impropriety in the presentation of a photo array is mere speculation"); *United States v. Adeniyi*, No. 03-cr-86 (LTS), 2003 WL 21146621, at *3 (S.D.N.Y. May 14, 2003) (denying a motion without a hearing where the defendant had failed to

2

proffer "any information indicating that there were irregularities in the presentation of the arrays"); *United States v. Giovanelli*, 747 F. Supp. 875, 885 (S.D.N.Y.1989) (denying a request for a hearing where the defendant did not allege "any concrete grounds" to suggest that identification procedures were improper).

In light of these standards, there is no basis to hold a hearing in this case, let alone suppress evidence of the pretrial identifications. As an initial matter, the Court is not persuaded that the photographic array used in connection with the pretrial identifications at issue was in itself unduly suggestive. In reviewing the composition of a photographic array, "the principal question is whether the picture of the accused ... so stood out from all the other photographs as to 'suggest to an identifying witness that [the accused] was more likely to be the culprit.'" *Jarrett v. Headley*, 802 F.2d 34, 41 (2d Cir. 1986) (quoting *United States v. Archibald*, 734 F.2d 938, 940 (2d Cir. 1984)). A review of the photographic array used in this case (attached as Exhibit 1 to the Government's Memorandum of Law) makes clear that Brown's photograph did not stand out from the others. (ECF No. 30.) The photographs depict only faces and shoulders, all depict men with medium to dark skin, with little or no head hair, wearing the same orange collar and white shirt, and similar patterns and amounts of facial hair. While there are some minor differences in lighting, this single difference does not render the array suggestive. *See United States v. Williams*, No. 13-cr-580 (JMF), 2014 WL 144920, at *1–2 (S.D.N.Y. Jan. 15, 2014) ("To be sure, there are some minor differences in lighting, facial hair, and the like among the photographs. But these differences do not render the array suggestive"); *accord United States v. Bautista*, 23 F.3d 726, 731 (2d Cir. 1994) ("While it is true that the photograph of [the defendant] is slightly brighter and slightly more close-up than the others, we find that these differences did not render the array suggestive."); *see also Jarrett*, 802 F.2d at 41 ("[I]t is not required ... that all of the photographs in [a photo] array be

3

uniform with respect to a given characteristic.").

As for the procedures used in conducting the identifications at issue, Brown does not raise the issue in his motion for reconsideration nor provide any facts that provide the context for the circumstances surrounding the alleged out of court identification. (Brown Mem., ECF No. 50.) This is a patently insufficient basis for a hearing. *See, e.g., Swain*, 2011 WL 4348142, at *7 (denying a request for a hearing under similar circumstances and stating that "[w]here as here, Defendant's suggestion of impropriety in the presentation of a photo array is mere speculation, a pretrial hearing into the identification procedures is not warranted"). As noted above, the Government had proffered the affidavit of Detective Christopher J. Sager ("Detective Sager"). Detective Sager makes representations about how the identification was conducted – including that the photos were displayed individually on 8 ½-by-11 inch paper and identified on the back with a letter A-F, and that the witness was told, among other things, (1) that the perpetrator "may or may not be among the pictures"; (2) not to assume that the investigator knew who the perpetrator was; (3) the true complexion of a person may be lighter or darker than depicted; and (4) to "[p]ay no attention to any markings that may appear on the photos, or any other difference in the type or style of the photographs." (Decl. Detective Christopher J. Sager in Opp'n to Mot. for Recons., ECF No. 52.) Additionally, Detective Sager declares that he "did not draw attention to, comment on, or otherwise make suggestions about any of the photos," while he "stood behind [the witness] and remained silent."[1] (*Id.* ¶ 4.) Assuming these representations to be true, there is plainly no basis for suppression.

---

[1] Detective Sager reiterates that he "did not comment on the photos before, during, or after the identification procedure. [He] remained out of [the witness's'] line of sight while he was viewing the photos. [He] did not comment during the identification procedure." (*Id.* ¶ 7.)

4

For the foregoing reasons, Brown has not established any basis to suppress evidence of the pretrial identifications or to hold a hearing on the issue. "Instead, the reliability of the identification evidence can be ensured through the time-honored process of cross-examination – the device best suited to determine the trustworthiness of testimonial evidence." *Swain*, 2011 WL 4348142, at *7 (internal quotation marks omitted). Accordingly, Brown's motion is DENIED. The Clerk of Court is directed to terminate the motion at ECF No. 48.

Dated: March 2, 2017  
      White Plains, New York

SO ORDERED:

_____  
NELSON S. ROMÁN  
United States District Judge